ON REHEARING GRANTED
ANSTEAD, Judge.
The petitioners, Inland Capital Corporation and Jack Winston, are here seeking review of an order cancelling their broker’s licenses without a hearing.
The respondent notified the petitioners on November 24, 1976, that an administrative complaint had been filed against petitioners and that the respondent intended to cancel their broker’s licenses:
You are hereby notified that, after twenty-one (21) days from your receipt hereof, the Division intends to refuse or deny and revoke or suspend the application and license herein, on the grounds set forth in the foregoing Complaint.
Before taking such action to refuse or deny and revoke or suspend said application and license, you may show, pursuant to Section 120.60(4), F.S., your compliance with all lawful requirements for the retention of said license or registration, and you may petition for a hearing pursuant to Section 120.57, F.S. An original and *677 one copy of your petition for hearing shall be filed within twenty-one (21) days of your receipt of this notice, at the address indicated below.
On December 15,1976, exactly 21 days after receiving the notice, the petitioners mailed a response alleging a meritorious defense to the complaint and requesting a hearing. Subsequently, on December 23, 1976, after receiving the response and request for a hearing, the respondent adjudicated the petitioners to be in default for not answering within 21 days, and on December 29, 1976, cancelled the licenses. A request to set aside the default was refused by the respondent. We think, under the circumstances shown here, that the default should have been vacated and the petitioners granted a hearing. Although the notice cited above expressed the intent of the respondent to take the action complained of, it also advised the petitioners of their right to respond to the complaint before the action was taken. The petitioners did respond before any action was taken. In their response, they asserted a meritorious defense and did not seek to delay the proceedings. Accordingly, we hold that the petitioners were entitled to a hearing on the merits of the administrative complaint. The petition for writ of certiorari is hereby granted and the order of December 29, 1976, is quashed with directions for further proceedings in accordance with this opinion.
DAUKSCH, J., concurring specially with opinion.
LETTS, J., concurring specially with opinion.